UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO:

SANDRA GILKERSON,

    Plaintiff(s),

v.

BAGDAD MINI WAREHOUSES
AND RV STORAGE, INC., a Florida
Corporation, BOBBY O'NEIL,
individually, and DEBBIE O'NEIL,
individually,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, SANDRA GILKERSON ("Plaintiff"), pursuant to *29 U.S.C. 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendant, BAGDAD MINI WAREHOUSES AND RV STORAGE, INC. ("BAGDAD"), BOBBY O'NEIL ("BOBBY"), and DEBBIE O'NEIL ("DEBBIE"), on behalf of himself, and all others similarly situated, and alleges:

**INTRODUCTION**

1. Defendant has misclassified Plaintiff as an exempt salaried employee in order to avoid federal wage obligations under the Fair Labor Standards Act ("FLSA"). As a result of the intentional misclassification of Plaintiff, Defendant has deprived Plaintiff of federal overtime compensation during certain periods of her employment. This action arises under *29 U.S.C. §§ 201-216*, to recover all unpaid wages owed to Plaintiff during the course of

Plaintiff's employment, and to recover attorney's fees and costs incurred in the prosecution of these claims.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Santa Rosa County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, BAGDAD, was a Florida corporation located and transacting business throughout the State of Florida, including Santa Rosa County, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, was vested with ultimate control and decision-making authority over the hiring, firing, pay practices for Defendant, during the relevant time period.

5. During all times material hereto, Defendant, DEBBIE, was a resident of Santa Rosa County, Florida, over the age of 18 years, and a corporate officer of BAGDAD.

6. Defendant, DEBBIE, maintained and exercised control over the hiring, firing, and payment of wages to Plaintiff, and further controlled Plaintiff's work schedule, duties and responsibilities, and the hours worked by Plaintiff in each workweek.

7. During all times material hereto, Defendant, BOBBY, was a resident of Santa Rosa County, Florida, over the age of 18 years, and a corporate officer of BAGDAD.

8. Defendant, BOBBY, maintained and exercised control over the hiring, firing, and payment of wages to Plaintiff, and further controlled Plaintiff's work schedule, duties and responsibilities, and the hours worked by Plaintiff in each workweek.

9. Defendant, BAGDAD, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

10. Defendant, DEBBIE, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

11. Defendant, BOBBY, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d),* during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

12. All acts and omissions giving rise to this dispute took place in Santa Rosa County, Florida, within the jurisdiction of this Honorable Court. Defendant, BAGDAD, operates its business in Milton, Florida.

13. Defendants regularly transact business in Santa Rosa County, Florida, and required Plaintiff to work in Santa Rosa County, and jurisdiction is therefore proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

14. Venue is proper within the Northern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

15. Defendant, BAGDAD, began operating in the State of Florida in 2005.

16. Defendant, BAGDAD, offers services such as climate controlled storage, non-climate controlled store, moving supplies, and truck and trailer U-Haul rentals used in interstate travel.

17. Defendant advertises itself as offering "over 290 storage units" and offering "RV, boat, vehicle and trailer storage" within one mile of I-10." *See* www.bagdadstorage.com (last visited June 1, 2020).

18. According to its own website, Defendant, BAGDAD, claims the following:

> We are an authorized U-Haul Rental Center. Drop off or Pick up your U-Haul rentals at Bagdad Mini Warehouses & RV Storage.

*Id.*

19. Defendant, BAGDAD, emphasizes the fact that it also provides moving supplies to help individuals "moving across town or across the country." *Id.*

20. Defendant, BAGDAD, is not exempt from coverage under the Fair Labor Standards Act ("FLSA").

21. During all times material hereto, Plaintiff was a non-exempt employee of the Defendants under the FLSA.

## **FLSA COVERAGE**

22. Defendant, BAGDAD, is covered under the FLSA through enterprise coverage, as Defendant, BAGDAD, was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, BAGDAD's business and Plaintiff's work for BAGDAD affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

23. During her employment with Defendants, the Plaintiff, and other company employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: Recreational Vehicles, U-Haul moving trucks, automobiles, moving boxes, packing tape, locks, keys, and other goods and materials used in the furtherance of BAGDAD's operation.

24. Defendant, BAGDAD, also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled

by Plaintiff, or regularly and recurrently used the instrumentalities of interstate commerce, or the mails, thus making Defendant's business an enterprise covered by the FLSA.

25. Plaintiff, herself, was regularly and recurrently engaged in using the instrumentalities of commerce such that she is subject to individual coverage under the FLSA. More specifically, Plaintiff participated in the movement of items through an instrumentality of commerce and Plaintiff's work was so closely related to these instrumentalities of commerce that Plaintiff is individually covered under the FLSA.

26. In addition to duties and responsibilities at the business location, during all times material hereto, Plaintiff was also required to perform domestic services for Defendants at the home residence of DEBBIE and BOBBIE such that Plaintiff is individually covered under the FLSA. More specifically, Plaintiff was regularly and recurrently required to clean DEBBIE and BOBBIE's home and was further required to transport DEBBIE and BOBBIE's children to various locations throughout Santa Rosa County as part of her regular job duties.

27. Upon information and belief, Defendant, BAGDAD, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

**EMPLOYMENT RELATIONSHIP**

28. Plaintiff was hired as a non-exempt employee of Defendants within the meaning of the FLSA and began working as a non-exempt employee for Defendants in 2010.

29. In around 2014, after having worked for Defendants for nearly four (4) years, the Plaintiff also began renting a home from Defendants within Santa Rosa County.

30. Defendants, DEBBIE and BOBBIE, maintained control over the day-to-day operations of the company, including the payroll policies, hiring, firing, and scheduling duties.

31. Defendants, DEBBIE and BOBBIE, controlled the company's payroll practices and was vested with ultimate decision-making authority over aspects of Plaintiff's employment.

32. The economic reality of Plaintiff's employment demonstrates that Plaintiff was economically dependent upon Defendants for her work.

33. Defendants controlled the nature and degree of the work performed by Plaintiff.

34. Plaintiff did not have an opportunity for profit or loss outside of her employment with Defendants.

35. Plaintiff was not required to invest in a substantial amount of equipment or materials required for the job duties and responsibilities. To the contrary, Defendants supplied and provided Plaintiff with equipment and tools that Plaintiff was required to use on every single shift Defendants assigned.

36. Plaintiff was not required to possess any special skill that would outweigh any other factor in determining she was an employee of Defendants.

37. Defendants maintained a significant degree of control over Plaintiff.

38. Plaintiff has been employed by Defendants for a long period of time (i.e. more than 10 years) which demonstrates a permanent working relationship.

39. Plaintiff performs duties and responsibilities for Defendants that were essential and integral to Defendant, BAGDAD's business operation.

40. Plaintiff was economically dependent upon Defendants during her employment period.

41. During workweeks within the past three (3) years, Plaintiff was regularly required to work in excess of forty (40) hours per week without being compensated time-and-a-half Plaintiff's regular hourly rate for this overtime work.

42. As part of her primary work duties and responsibilities, Plaintiff was required to transport Defendants' minor children to various locations throughout Santa Rosa County.

43. As an additional part of her primary work duties and responsibilities, Plaintiff was required to clean the individual Defendants' home residence.

### PLAINTIFF'S WORK FOR DEFENDANT IN 2017

44. In 2017, Defendants paid Plaintiff on a salary basis at the rate of **$448.00** per week regardless of the number of hours worked by Plaintiff.

45. In 2017, Plaintiff was required to work an average of forty-eight (48) to sixty (60) hours per week.

46. During workweeks in 2017, Plaintiff's regularly hourly rate would therefore fluctuate between $9.33 per hour and $7.46 per hour.

47. Defendants failed to keep or maintain adequate time records for Plaintiff in 2017.

48. In 2017, Defendants failed to pay Plaintiff at the federally mandated rate of 1.5 times Plaintiff's regular hourly rate for hours worked in excess of forty (40) per week.

### PLAINTIFF'S WORK FOR DEFENDANT IN 2018

49. In 2018, Defendants paid Plaintiff on a salary basis at the rate of **$548.00** per week regardless of the number of hours worked by Plaintiff.

50. In 2018, Plaintiff was required to work an average of forty-eight (48) to sixty (60) hours per week.

51. During workweeks in 2018, Plaintiff's regularly hourly rate would therefore fluctuate between $11.41 per hour and $9.13 per hour.

52. Defendants failed to keep or maintain adequate time records for Plaintiff in 2018.

53. In 2018, Defendants failed to pay Plaintiff at the federally mandated rate of 1.5 times Plaintiff's regular hourly rate for hours worked in excess of forty (40) per week.

### PLAINTIFF'S WORK FOR DEFENDANT IN 2019

54. In 2019, Defendants paid Plaintiff on a salary basis at the rate of **$548.00** per week regardless of the number of hours worked by Plaintiff.

55. In 2019, Plaintiff was required to work an average of forty-eight (48) to sixty (60) hours per week.

56. During workweeks in 2019, Plaintiff's regularly hourly rate would therefore fluctuate between $11.41 per hour and $9.13 per hour.

57. Defendants failed to keep or maintain adequate time records for Plaintiff in 2019.

58. In 2019, Defendants failed to pay Plaintiff at the federally mandated rate of 1.5 times Plaintiff's regular hourly rate for hours worked in excess of forty (40) per week.

### PLAINTIFF'S WORK FOR DEFENDANTS IN 2020

59. In 2020, Defendants paid Plaintiff on a salary basis at the rate of **$548.00** per week regardless of the number of hours worked by Plaintiff.

60. In 2020, Plaintiff was required to work an average of forty-eight (48) to sixty (60) hours per week.

61. During workweeks in 2020, Plaintiff's regularly hourly rate would therefore fluctuate between $11.41 per hour and $9.13 per hour.

62. Defendants failed to keep or maintain adequate time records for Plaintiff in 2020.

63. In 2020, Defendants failed to pay Plaintiff at the federally mandated rate of 1.5 times Plaintiff's regular hourly rate for hours worked in excess of forty (40) per week.

64. On or about April 27, 2020, Plaintiff contacted the Department of Labor ("DOL") to inquire as to Defendants' unlawful pay policies.

65. Shortly after Plaintiff spoke with the DOL, the Defendants were contacted by the DOL regarding their pay policies.

66. Just three (3) days after Plaintiff reported Defendants to the DOL, the Defendants responded by: (a) serving Plaintiff with an eviction notice; (b) reducing Plaintiff's pay rate; (c) reducing Plaintiff's job duties and responsibilities; and (d) demoting Plaintiff's job title.

67. Defendants failed to pay Plaintiff one-and-one-half times her regular hourly rate for any hours worked in excess of forty (40) in any given workweek during her employment.

68. Accordingly, during this initial employment period, Plaintiff is owed half-time her regular hourly rate for up to twenty (20) hours per week for her entire employment period during the past there (3) years.

69. Defendants' actions were intentional and/or willful and Plaintiff is therefore entitled to an additional amount of liquidated (double) damages.

70. Overtime payments to Plaintiff remain due and owing.

71. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff her lawful (and hard-earned) wages.

72. During Plaintiff's employment, Defendants maintained full control, direction, and discretion over the work responsibilities, pay practices, schedule, and duties performed by Plaintiff.

73. As a result of these violations of federal law, Plaintiff has had to retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA.

## COUNT I - FEDERAL OVERTIME WAGE LAW VIOLATIONS – 29 U.S.C. § 207
**(Against All Defendants)**

74. Plaintiff re-avers and re-alleges Paragraphs 1 through 73 above, as though fully set forth herein.

75. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b).

76. Plaintiff is entitled to: (i) half-time overtime wages; and (iii) liquidated damages pursuant to the FLSA.

77. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. 216(b).

WHEREFORE, Plaintiff, SANDRA GILKERSON, demands judgment against Defendants, BAGDAD MINI WAREHOUSES AND RV STORAGE, INC., DEBBIE O'NEIL, and BOBBIE O'NEIL, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLSA RETALIATION – 29 U.S.C. § 215
**(Against All Defendants)**

78. Plaintiff re-avers and re-alleges Paragraphs 1 through 73 above, as though fully set forth herein.

79. Pursuant to 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or caused to be instituted any proceeding under or related to the FLSA.

80. Throughout the ten (10) year employment period, Plaintiff was an exemplary employee and never received any write-ups or other disciplinary action from Defendants.

81. On or about April 27, 2020, Plaintiff contacted the DOL to report what she reasonably and objectively believed to be violations of federal wage law being committed by Defendants.

82. After receiving Plaintiff's report, the DOL contacted Defendants to inquire into their pay practices.

83. Three (3) days after Plaintiff contacted the DOL, the Defendants served Plaintiff with an eviction notice requiring Plaintiff to vacate the property she was renting from Defendants.

84. Three (3) days after Plaintiff contacted the DOL, the Defendants reduced Plaintiff's pay rate.

85. Three (3) days after Plaintiff contacted the DOL, the Defendants reduced Plaintiff's job responsibilities and duties.

86. Three (3) days after Plaintiff contacted the DOL, the Defendants demoted Plaintiff's job title.

87. Defendants took each of the above actions against Plaintiff in direct response to Plaintiff opposing the Defendant's unlawful practices and reporting the violations of federal law to the DOL.

88. Defendants took these actions against Plaintiff for no reason other than to punish Plaintiff for reporting their unlawful conduct and chill Plaintiff's exercise of her rights under federal law.

89. As a direct result of Defendants' conduct, Plaintiff has suffered loss of front wages, loss of reputation in the community, and has otherwise suffered damages in an amount to be proven at trial.

90. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, SANDRA GILKERSON, demands judgment against Defendants, BAGDAD MINI WAREHOUSES AND RV STORAGE, INC., DEBBIE O'NEIL, and BOBBIE O'NEIL, and respectfully requests that she be awarded the following relief: (a) damages in an amount to be proven at trial and to be paid by the Defendants jointly and severally; (b) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, SANDRA GILKERSON, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 5th day of June 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
jordan@jordanrichardspllc.com
melissa@jordanrichadrspllc.com
jake@jordanrichardspllc.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 5th of June 2020.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQ.
Florida Bar No. 108372

## **SERVICE LIST:**